IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **VIRALKUMAR PATEL and BHAVITA PATEL,** | |
| Plaintiffs, | **Civil Action No.** |
| vs. | |
| **GAIAM AMERICAS, INC.; HANESBRANDS INC.;** and **HBI BRANDED APPAREL ENTERPRISES, LLC**, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW Plaintiffs, by and through their undersigned attorney, and for their Complaint against Defendants, allege as follows:

### INTRODUCTION

1. Plaintiff VIRALKUMAR PATEL ("Plaintiff") is an individual who was injured as a result of Defendants' product, the C9 Champion® 3-in-1 Resistance Band.

2. This is an action to recover damages for personal injuries sustained by Plaintiff VIRALKUMAR PATEL as the direct and proximate result of the wrongful conduct of Defendants in connection with the designing, developing, manufacturing, labeling, advertising, marketing, promoting, distributing, and selling of the C9 Champion® 3-in-1 Resistance Band.

### PARTIES

3. Plaintiffs VIRALKUMAR PATEL and BHAVITA PATEL are citizens of the State of Texas, and reside in Murphy, Collin County, Texas.

4. Defendant GAIAM AMERICAS, INC. is a corporation organized and existing under the laws of the State of Colorado, and has its principal place of business in the State of Colorado.

5. Defendant HANESBRANDS INC. is a corporation organized and existing under the laws of the State of Maryland, and has its principal place of business in the State of North Carolina.

6. Defendant HBI BRANDED APPAREL ENTERPRISES, LLC is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business in the State of North Carolina. HBI BRANDED APPAREL ENTERPRISES, LLC is a wholly-owned subsidiary of HANESBRANDS INC.

7. At all times relevant hereto, each of the Defendants were the representatives, agents, employees, co-conspirators, servants, employers, partners, joint-venturers, franchisees, or alter egos of the other Defendants and were acting within the course and scope of such authority in such conspiracy, service, agency, employment, partnership, joint venture and/or franchise.

8. At all times material hereto, each Defendant through their employees and/or agents developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the C9 Champion® 3-in-1 Resistance Band, either directly or indirectly, to consumers across the nation, including the state of Texas, and have derived substantial income from such business.

## JURISDICTION AND VENUE

9. This court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a). No Defendant is a citizen of the same state as Plaintiffs, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 because the acts or omissions giving rise to within claims occurred within the district and products manufactured are distributed by Defendants, including the product that is the subject of this case, are routinely sold within the Eastern District of Texas.

## FACTUAL ALLEGATIONS

11. At all times relevant hereto. Defendants were regularly engaged in the business of designing, distributing, assembling, installing, marketing, manufacturing, maintaining, and/or selling "C9 Champion" or "Champion" resistance bands and the component parts hereto, including the subject C9 Champion® 3-in-1 Resistance Band, SKU #05-60799 (hereinafter "Champion Resistance Band").

12. At all times prior to March 27, 2017, Defendants either directly or indirectly, through their predecessors-in-interest, subsidiaries, and/or successors-in-interest designed, manufactured, assembled, maintained, installed, provided safety recommendations, and/or sold the subject Champion Resistance Band and its component parts.

13. Plaintiff VIRALKUMAR PATEL purchased the Champion Resistance Band from a Target retail store location in approximately October 2016.

14. On or about March 27, 2017, Plaintiff VIRALKUMAR PATEL was injured while using the product as instructed for exercise purposes.

15. Specifically, while Plaintiff exercised in compliance with the instructions provided with the product, the band suddenly and unexpectedly slipped out of the clip that attached it to the handle and recoiled towards Plaintiff. The band struck Plaintiff violently in the right eye resulting in serious and permanent injuries and damages as described herein.

16. As a result of the resistance band striking Plaintiff in the eye, he has sustained

serious and permanent injuries including, but not limited to, vitreous hemorrhage and hyphema to the right eye, blurred vision, severe ocular headaches, sensitivity to light, permanently dilated pupil, damage to the right eye drainage system, and traumatic glaucoma of the right eye, including the possibility of future loss of sight.

17. All of the injuries and complications suffered by Plaintiff were caused by the defective design, inadequate warnings, construction, and unreasonably dangerous character of the Champion Resistance Band.

18. The defects in the Champion Resistance Band as well as the negligent and/or wanton acts and omissions of Defendants were a direct, producing, and proximate cause of Plaintiff's injuries and Plaintiff's damages.

19. Plaintiff VIRALKUMAR PATEL was caused to suffer severe and disabling injuries by Defendants, including hospital, medical and other necessary treatments, and will certainly require treatments and medical attention in the future. Additionally, Plaintiffs have suffered a reduction in the quality of life, economic loss, loss of wages, and physical impairment.

20. As a result of Defendants actions and inaction, Plaintiffs accordingly seek damages associated with these injuries.

## CAUSES OF ACTION AGAINST DEFENDANTS

### I. STRICT LIABILITY – DESIGN DEFECT

21. Plaintiffs herein incorporate by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

22. At all material times hereto, Defendants were the manufacturers, suppliers, and/or distributors of the Champion Resistance Band.

23. The Champion Resistance Band at issue in this suit was designed, manufactured,

constructed, marketed, and/or distributed by and/or through the agents and/or representatives of Defendants.

24. Defendants regularly engaged in the business of supplying or placing products like the Champion Resistance Band in question, into the stream of commerce for use by the consuming public, including Plaintiff.

25. The subject Champion Resistance Band was defectively designed, manufactured, promoted, tested, assembled, planned, engineered, constructed, built, inspected, marketed, distributed and sold. The Champion Resistance Band was in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce.

26. At the time the Champion Resistance Band was placed into the stream of commerce, it was, or should have been, reasonably expected and foreseeable that it would be used by persons such as Plaintiff in the manner and application in which it was being used at the time of the incident.

27. The relevant components of the subject Champion Resistance Band were not changed or altered in any material respect from the time it was manufactured and sold by Defendants to the time and place purchased by Plaintiff.

28. At the time and place of the foreseeable incident, and of distribution and sale by Defendants, the subject Champion Resistance Band and its component parts were defective and unreasonably dangerous for their intended uses.

29. The unreasonably dangerous nature of the defects created a high probability that the subject Champion Resistance Band could cause severe and permanent personal injuries to persons using the product for its intended purposes.

30. The risk of injury associated with the Champion Resistance Band greatly outweighs any utility. The likely probability of injury associated with the Champion Resistance Band, and the gravity of such an injury, exceeds any minimal cost, if any, of a safer and reasonably alternative design.

31. With respect to the design of the Champion Resistance Band, at the time it left the control of Defendants, there were safer alternative designs. Specifically, there were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of injury to Plaintiff. Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.

32. At the time the Champion Resistance Band in question left control of Defendants, it was defective and unreasonably dangerous in that it was not adequately designed and marketed to minimize the risk of injury, and did not have adequate instructions regarding its use. By way of example and without limitation, the product in question was unreasonably, dangerously defective in the following ways:

   a. The Champion Resistance Band was defectively designed with a plastic clip that connected the handles to the band, which could easily detach from the band during use;

   b. The Champion Resistance Band in question was not properly designed to eliminate the risk and dangers associated with the resistance band unexpectedly detaching from the clip and striking the user;

   c. The Champion Resistance Band in question did not contain adequate instructions or warnings on the proper safe use of the resistance band; and

   d. The Champion Resistance Band in question failed to provide warnings of the risk, nature, and extent of danger associated with the band slipping out of its clip and striking the user. The warnings and instructions provided, if any, were not in a form that could reasonably be expected to catch the attention of a reasonably prudent person when engaged in reasonably

foreseeable uses.

33. As a direct, producing, and proximate result of the defects in the subject Champion Resistance Band, which was designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, marketed, advertised, distributed, and/or sold by Defendants, Plaintiff has suffered the injuries and damages alleged herein.

34. To the extent Defendants attempt to rely on any standards or regulations of the Federal Government, such standards or regulations were inadequate minimum standards to protect against the risk of damages and/or injuries that occurred in this case.

35. Further, as a result of the foregoing acts and omissions, Plaintiff VIRALKUMAR PATEL has suffered significant damages including, but not limited to, physical injury, economic loss, pain and suffering, and past and future medical treatments and expenses.

36. In performing the foregoing acts and omissions, Defendants acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, so as to justify an award of punitive and exemplary damages.

## II. STRICT LIABILITY – MANUFACTURING DEFECT

37. Plaintiffs herein incorporate by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

38. In addition to the allegations above, Plaintiffs bring this product liability action against Defendants for manufacturing defects. At the time the Champion Resistance Band left Defendants' hands, there was a deviation from the design that rendered the Champion Resistance Band unreasonably dangerous. The defects, as noted above, existed at the time it left Defendants' hands, and the defects were the producing cause of Plaintiff's injuries and damages.

39. As a direct and proximate result of Defendants' placement of the defective Champion Resistance Band into the stream of commerce, Plaintiff VIRALKUMAR PATEL experienced and/or will experience severe harmful effects including, but not limited to, vitreous hemorrhage and hyphema to the right eye, blurred vision, severe ocular headaches, sensitivity to light, permanently dilated pupil, damage to the right eye drainage system, and traumatic glaucoma of the right eye, including the possibility of future loss of sight.

40. Further, as a result of the foregoing acts and omissions, Plaintiff VIRALKUMAR PATEL has suffered significant damages including, but not limited to, physical injury, economic loss, loss of wages, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life.

41. In performing the foregoing acts and omissions, Defendants acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, so as to justify an award of punitive and exemplary damages.

### III. STRICT LIABILITY – FAILURE TO WARN

42. Plaintiffs herein incorporate by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

43. As noted above, there was a substantial risk of harm inherent in the Champion Resistance Band or reasonably foreseeable from the intended or reasonably anticipated use of the Champion Resistance Band. Defendants knew of, or should have known of, the risk of harm created by the defects in the Champion Resistance Band, as discussed above. Defendants did not provide adequate warnings or instructions regarding the defects, which rendered the Champion Resistance Band unreasonably dangerous to the ultimate users and consumers, including Plaintiff VIRALKUMAR PATEL. Defendants' inadequate warning and/or instructions regarding the

possible defects were a direct, producing, and proximate cause of Plaintiff VIRALKUMAR PATEL's injuries and damages. The Champion Resistance Band's dangers and defects were known, or should have been known, by Defendants at the time the product was originally placed in the stream of commerce.

44. Defendants knew, or should have known, of the dangers associated with the Champion Resistance Band, as well as the defective nature of the Champion Resistance Band. Despite this knowledge, Defendants continued to manufacture, sell, distribute, promote and supply the Champion Resistance Band so as to maximize sales and profits at the expense of the public health and safety. Defendants' conduct was done in conscious disregard of the foreseeable harm caused by the Champion Resistance Band and in conscious disregard for the rights and safety of consumers such as Plaintiff VIRALKUMAR PATEL. At all times herein mentioned, the Champion Resistance Band was defective, and Defendants knew that it was to be used by the user without inspection for defects therein.

45. Further, as a result of the foregoing acts and omissions, Plaintiff VIRALKUMAR PATEL has suffered significant damages including, but not limited to, physical injury, economic loss, loss of wages, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life.

46. In performing the foregoing acts and omissions, Defendants acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, so as to justify an award of punitive and exemplary damages.

## IV. NEGLIGENCE

47. Plaintiffs herein incorporate by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

48. Defendants have a duty to manufacture, distribute, and sell products that are not unreasonably dangerous. Defendants, acting by and through their agents and/or representatives, breached this duty and were thereby negligent, careless and reckless in designing, manufacturing, marketing, distributing, and selling of the Champion Resistance Band in question with the defects identified above. As a proximate result of one or more of the aforementioned negligent acts or omissions of Defendants, Plaintiff sustained serious and permanent injuries and damages.

49. Defendants failed to exercise reasonable care in designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, quality assurance, quality control, and/or distribution of the Champion Resistance Band into interstate commerce. Defendants knew, or should have known, that the Champion Resistance Band was unsafe and unfit for use by reason of the dangers it posed to its users.

50. The negligence of Defendants, their agents, servants, and/or employees includes, but is not limited to, the following acts or omissions:

   a. Negligently designing the Champion Resistance Band in a manner which posed a serious danger to its users;

   b. Designing, manufacturing, producing, creating, promoting, and/or selling the Champion Resistance Band without adequately, sufficiently, or thoroughly testing it;

   c. Failing to adequately and correctly warn Plaintiff and the general public of the dangers associated with the Champion Resistance Band;

   d. Failing to provide adequate and clear instructions regarding use and safety precautions of the Champion Resistance Band;

   e. Negligently representing that the Champion Resistance Band was safe for its intended use, when, in fact, it was unsafe;

   f. Negligently assembling the Champion Resistance Band in a manner which was dangerous to its users; and

   g. Negligently producing the Champion Resistance Band in a manner which was dangerous to its users.

51. Defendants were negligent in the designing, researching, supplying, manufacturing, promoting, packaging, distributing, testing, advertising, warning, marketing and sale of the Champion Resistance Band in that they:

   a. Failed to use due care in designing and manufacturing the Champion Resistance Band so as to avoid the aforementioned risks to individuals that use the product for its intended purposes;

   b. Failed to accompany their product with proper warnings;

   c. Failed to accompany their product with proper instructions for use;

   d. Failed to conduct adequate testing to determine the safety of the Champion Resistance Band; and

   e. Were otherwise careless and/or negligent.

52. Despite the fact that Defendants knew, or should have known, that the Champion Resistance Band caused harm to individuals, including Plaintiff VIRALKUMAR PATEL, that used the product for its intended purpose, Defendants continued to market, manufacture, distribute and/or sell the Champion Resistance Band.

53. Defendants knew or should have known that consumers such as Plaintiff VIRALKUMAR PATEL would suffer foreseeable injury and/or be at increased risk of suffering injury as a result of Defendants' failure to exercise ordinary care, as set forth above.

54. Defendants' negligence was the proximate cause of Plaintiff VIRALKUMAR PATEL's physical, mental and emotional injuries and harm, and economic loss which he has

suffered and will continue to suffer.

55. By reason of the foregoing, Plaintiff VIRALKUMAR PATEL experienced and/or will experience severe harmful effects including, but not limited to, vitreous hemorrhage and hyphema to the right eye, blurred vision, severe ocular headaches, sensitivity to light, permanently dilated pupil, damage to the right eye drainage system, and traumatic glaucoma of the right eye, including the possibility of future loss of sight.

56. Further, as a result of the foregoing acts and omissions, Plaintiff has suffered significant damages including, but not limited to, physical injury, economic loss, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, including diminished enjoyment of life.

57. In performing the foregoing acts and omissions, Defendants acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, so as to justify an award of punitive and exemplary damages.

## V. BREACH OF EXPRESS WARRANTIES

58. Plaintiffs herein incorporate by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

59. At all times mentioned herein, Defendants expressly warranted to Plaintiff VIRALKUMAR PATEL and the general public, by and through statements made by Defendants or its authorized agents, or sales representatives, orally and in publications, package instructions and other written materials, that the aforementioned Champion Resistance Band was safe, effective, fit and proper for its intended use.

60. In utilizing the Champion Resistance Band, Plaintiff VIRALKUMAR PATEL relied on the skill, judgment, representations and foregoing express warranties of Defendants. Said

warranties and representations were false in that the Champion Resistance Band was not safe and was unfit for the uses for which it was intended. As a result of the foregoing breach of express warranties by Defendants, Plaintiff VIRALKUMAR PATEL suffered unnecessary and severe pain and injuries, debilitation, and further damages as alleged herein.

61. Further, as a result of the foregoing acts and omissions, Plaintiff VIRALKUMAR PATEL has suffered significant damages including, but not limited to, physical injury, economic loss, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, including diminished enjoyment of life.

62. In performing the foregoing acts and omissions, Defendants acted despicably, fraudulently, and with malice and oppression so as to justify an award of punitive and exemplary damages.

## VI. BREACH OF IMPLIED WARRANTIES

63. Plaintiffs herein incorporate by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

64. Prior to the time that the Champion Resistance Band was used by Plaintiff VIRALKUMAR PATEL, Defendants impliedly warranted to Plaintiff VIRALKUMAR PATEL that the Champion Resistance Band was of merchantable quality, safe, and fit for the use for which it was intended. Plaintiff VIRALKUMAR PATEL was and is unskilled in the research, design, and manufacture of the Champion Resistance Band, and he reasonably relied on the skill, judgment and implied warranty of the Defendants in using the Champion Resistance Band. Defendants knew, or should have known, that Plaintiff VIRALKUMAR PATEL was using the Champion Resistance Band for a particular purpose, specifically exercising.

65. The Champion Resistance Band was neither safe for its intended purpose nor of merchantable qualify, as warranted by Defendants, in that it had dangerous propensities when put to its intended use and causes severe injuries to the user.

66. Defendants, by selling, delivering and/or distributing the defective Champion Resistance Band to Plaintiff VIRALKUMAR PATEL, breached the implied warranties of merchantability and fitness for a particular purpose and caused Plaintiff VIRALKUMAR PATEL to suffer the damages described more fully herein.

67. Further, as a result of the foregoing acts and omissions, Plaintiff has suffered significant damages including, but not limited to, physical injury, economic loss, loss of wages, pain and suffering, and substantial medical costs and expenses.

## JURY TRIAL DEMANDED

68. Plaintiffs demand that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## DAMAGES

69. As a direct and proximate result of Defendants' tortuous conduct as aforesaid, Plaintiff VIRALKUMAR PATEL has experienced severe harmful effects including, but not limited to, vitreous hemorrhage and hyphema to the right eye, blurred vision, severe ocular headaches, sensitivity to light, permanently dilated pupil, damage to the right eye drainage system, and traumatic glaucoma of the right eye, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life. Plaintiffs VIRALKUMAR PATEL and BHAVITA PATEL seek all elements of damages under the law including, but not limited to, the following:

   a. Plaintiff VIRALKUMAR PATEL has suffered physical pain and mental anguish in the past and in the future and will continue to suffer pain of body

      and mind throughout his lifetime;

b.  Plaintiff VIRALKUMAR PATEL has incurred hospital and/or medical and/or pharmaceutical and/or other expenses and will continue to incur such expenses in the future due to the progressively disabling character of his injuries from which Plaintiff VIRALKUMAR PATEL now suffers and will continue to suffer in the future;

c.  Plaintiff VIRALKUMAR PATEL suffers physical impairment at this time and will continue to suffer this impairment in the future due to the disabling character of his injuries;

d.  Plaintiff VIRALKUMAR PATEL suffers permanent partial loss of vision at this time with the possibility of becoming permanently and totally blind in the right eye in the future due to the progressive character of his injuries;

e.  Plaintiff VIRALKUMAR PATEL will require medical monitoring throughout his lifetime to survey the progression of his injuries and to aid in the early detection and treatment of any or all of his continuing injuries and will be required to pay for such medical monitoring;

f.  Plaintiff VIRALKUMAR PATEL has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life;

g.  Plaintiff VIRALKUMAR PATEL has suffered a progressive loss of earning capacity and will continue to suffer a loss of earning capacity and wages throughout his lifetime;

h.  Plaintiff BHAVITA PATEL has suffered, and will continue to suffer, loss of household services;

i.  Plaintiff BHAVITA PATEL has suffered, and will continue to suffer, loss of consortium;

j.  Plaintiffs seek compensatory damages; and

k.  Plaintiffs seek punitive and exemplary damages.

  WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, for general damages, special damages, punitive and exemplary damages, costs expended herein, prejudgment interest as allowed by law, post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

PLAINTIFFS' ORIGINAL COMPLAINT                15

Dated: September 7, 2017

        Respectfully submitted,

        **SIMON GREENSTONE PANATIER BARLETT, P.C.**

        */s/ Erin Anderson Nowell*
        Erin Anderson Nowell, Esq.
        Texas Bar No. 24040431
        3232 McKinney Avenue, Suite 610
        Dallas, Texas 75204
        Telephone: (214) 276-7680
        Facsimile: (214) 276-7699
        enowell@sgpblaw.com

        ATTORNEY FOR PLAINTIFFS